# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DUTCH CLIPS LLC,**<br><br>*Plaintiff*<br><br>v.<br><br>**RIPSTOP BY THE ROLL LLC,**<br><br>*Defendant* | Case No. 5:18-cv-04727-JDW |

## MEMORANDUM

Plaintiff Dutch Clips LLC d/b/a Dutchware Gear ("Dutch Clips") asks the Court to extend the deadline for expert disclosures by 60 days in this case. Although Dutch Clips styles the Motion as "Uncontested," Defendant Ripstop By the Roll LLC ("Ripstop") has filed a "limited Opposition" to the Motion. Because the record demonstrates that the Parties have not pursued this case with diligence, the Court will not extend the expert deadlines by 60 days. Instead, the Court will adjust the schedule slightly, in order to allow the Parties to bring this case to a close.

## I. FACTS AND PROCEDURAL HISTORY

Dutch Clips filed a Complaint on November 1, 2018, alleging claims for false advertising under the Lanham Act and unfair competition under Pennsylvania law. (ECF No. 1.) On January 15, 2019, the Court approved a Discovery Confidentiality Order that the Parties had submitted. (ECF No. 8.) On March 27, 2019, the Court entered a scheduling order requiring the completion of fact discovery by September 30, 2019—more than six months later. (ECF No. 13.)

On July 10, 2019, the Court held a telephone conference with the Parties. Following that call, this Court issued an Order dated July 11, 2019 (ECF No. 27). In that Order, the Court directed

the Parties to disclose affirmative expert reports on or before October 2, 2019, to disclose rebuttal expert reports on October 16, 2019, and to complete all discovery (including expert discovery) by November 1, 2019. The Court entered that schedule after discussion with the Parties, and no Party objected to that schedule.

That same Order required the Parties to confer and set aside dates to hold open for depositions, and to report those dates to the Court by letter. In a letter dated July 24, 2019, the Parties reported that they had "conferred and agreed to set aside dates to hold open for depositions." Specifically, the Parties set aside October 21-25, 2019. That is, the Parties agreed to set aside for depositions dates after the disclosure of expert reports but before the close of discovery.

On September 23, 2019, Dutch Clips filed this Motion. Dutch Clips' rationale for its Motion is that "Depositions which the parties' experts will need to consult to prepare their experts were not able to be scheduled to take place until the week of October 21, 2019" and that the Parties have not yet completed certain fabric testing that the experts need to complete. Dutch Clips asserts that the "fabric tests alone can take up to 30 days for processing." Dutch Clips therefore asks the Court to extend the expert report deadlines by 60 days. Despite Dutch Clips' assertion that its Motion is "Uncontested," on September 24, 2019, Ripstop filed a "Statement in Limited Opposition" to the Motion. (ECF No. 40.)

## II. ANALYSIS

To modify a scheduling order, a party must demonstrate "good cause." Fed. R. Civ. P. 16(b)(4). To establish good cause in the context of a Rule 16 scheduling order, a party must demonstrate that the deadlines set forth in the scheduling order cannot reasonably be met despite the diligence of the party seeking the extension. *See Taylor v. Shields*, Civ. A. No. 13-2241, 2016

WL 9775022, at *1 n.1 (E.D.Pa. Oct. 21, 2016); *see also Race Tires America, Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010).

Here, Dutch Clips has not demonstrated good cause. The Parties have been engaged in discovery in this case for months. Indeed, in January 2019, they submitted a proposed Discovery Confidentiality Order, which the Court promptly entered. Then, in March 2019, the Court issued an order giving them six months to complete fact discovery—a generous period of time. Moreover, in July, the Court instructed the Parties to make expert disclosures three months later, in October. Thus, the Parties have had adequate notice of the deadlines in this case. Nonetheless, they apparently did not submit the various fabrics for testing in a timely way, and they decided between them to defer depositions until the very end of the discovery period, after the deadlines for disclosure of expert reports.

This record does not demonstrate diligence on the Parties' part. Rather, it demonstrates a lack of alacrity in moving this case forward. However, the Court also recognizes the importance of expert analysis in this case, and it does not want to punish clients for counsel's apparent failures to move quickly. However, it is time to bring this case to a close, so that discovery does not become an end unto itself. Accordingly, the Court will make minor adjustments to the schedule, deferring affirmative expert disclosures to October 21, 2019, and rebuttal expert disclosures to November 8, 2019. The Parties must complete discovery by November 15, 2019, and file any any dispositive motions by November 22, 2019, and responses to dispositive motions must be filed on or before December 6, 2019. To the extent that this schedule requires the Parties and their counsel to adjust their schedules to complete depositions, they are directed to do so. The Court will not make any further adjustments to the schedule absent a showing of significant extenuating circumstances.

## III. CONCLUSION

For the reasons stated, the Court will adjust the schedule in this case, as outlined above. An appropriate Order will follow.

**BY THE COURT:**

Dated: September 27, 2019

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**